**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 04-4342**

───────────

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

MARK E. BEASLEY,

                              Defendant - Appellant.


───────────

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.  Henry E. Hudson, District
Judge.  (CR-03-277)

───────────

Submitted:  August 27, 2004      Decided:  September 14, 2004

───────────

Before NIEMEYER, WILLIAMS, and KING, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Peter R. Roane, Charlottesville, Virginia, for Appellant.  Paul J.
McNulty, United States Attorney, Sara E. Flannery, Assistant United
States Attorney, Matthew G. Howells, Third-Year Law Student,
Richmond, Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

After a bench trial, Mark E. Beasley was convicted of willfully failing to pay court-ordered child support from January 1, 2000, through December 31, 2000, in violation of 18 U.S.C. § 228(a)(3) (2000). Beasley appeals his conviction, asserting that the evidence was insufficient. We affirm.

Beasley contends that the Government failed to prove that he acted willfully. We review de novo the district court's decision to deny a motion under Fed. R. Crim. P. 29. United States v. Ryan-Webster, 353 F.3d 353, 359 (4th Cir. 2003). Where, as here, the motion was based on insufficient evidence, "[t]he verdict . . . must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942); Elliott v. United States, 332 F.3d 753, 760-61 (4th Cir.) (applying standard to bench trial), cert. denied, 124 S. Ct. 487 (2003). Our review of the trial transcript convinces us that Beasley willfully failed to pay child support during the period charged in the indictment. See United States v. Mattice, 186 F.3d 219, 225 (2d Cir. 1999) (defining willfulness as "voluntary, intentional violation of a known legal duty") (internal quotation marks and citation omitted); cf. United States v. Black, 125 F.3d 454, 465-66 (7th Cir. 1997) (finding that noncustodial parent willfully failed to pay child support where original tax returns showed earned income during

period charged in indictment but no child support payments were made during that time).

Accordingly, we affirm Beasley's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
